# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:08-CR-286-LY |
| | § | |
| ANDREW CASTILLO | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
   **UNITED STATES DISTRICT JUDGE**

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. The Magistrate Court submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## PROCEDURAL BACKGROUND

Defendant pled guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(d). On December 26, 2008, Defendant was sentenced to 120 months' imprisonment, followed by three years' supervised release. On October 27, 2011, Defendant's sentence was reduced to 66 months' imprisonment, and his supervision began on August 5, 2019.

On April 28, 2021, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. Dkt. 37. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release

1

should not be revoked. A warrant was issued for Defendant's arrest. Defendant was arrested and ordered temporarily detained at his initial appearance on June 2, 2021. The Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision ("Amended Petition") on June 7, 2021. Dkt. 45.

In the Amended Petition, the Probation Officer alleges that Defendant violated the following conditions of release:

> **Violation of Mandatory Condition No. 1:** "The defendant shall not commit another federal, state or local crime."
>
> **Violation of Standard Condition No. 2:** "The defendant shall report to the Probation Officer and shall submit a truthful and complete report within the first five days of each month."

The Petition alleges that Defendant was convicted of Driving While Intoxicated 3rd or More (3rd Degree Felony) on May 27, 2021, under Cause No. D-1-DC-20-205309 in Travis County, Texas. The Petition further alleges that Defendant failed to report to the probation office for the months of October, November, and December 2020, and January, February, and March 2021.

On June 21, 2021, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned conducted a preliminary and final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to the alleged violations.

## **FINDINGS OF THE COURT**

1. Defendant violated the conditions of his supervised release by his conduct as alleged in the Petition.
2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.
3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4. Defendant had both a factual and rational understanding of the proceedings against him.

5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6. Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of the conditions of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Mandatory Condition No. 1 and Standard Condition No. 2 of his term of supervised release, as alleged in the Petition, and that there is a factual basis in support of those findings.

## **FACTORS CONSIDERED**

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);
c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
d. the need to protect the public, (a)(2)(C);
e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
h. the need to provide restitution to any victims of the offense, (a)(7).

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade B and his criminal history category is VI, resulting in an (advisory) guideline range of 21 to 27 months of imprisonment.

In this case, the Magistrate Court finds most compelling the nature and circumstances of the offense; Defendant's history and characteristics; the need to need to afford adequate deterrence to criminal conduct; and the need to protect the public. In addition to his conviction for Possession of a Firearm by a Convicted Felon Defendant, Defendant has a lengthy history of probation revocation, evading arrest, and assault, as well as numerous driving offenses. For these reasons, the Magistrate Court **RECOMMENDS** that Defendant's term of supervised release be **REVOKED**. Considering the time that Defendant spent in state custody and the rigorous conditions of community supervision the state has imposed, the Magistrate Court further recommends that the District Court sentence Defendant to **eighteen (18) months imprisonment, with no supervised release to follow**.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report

within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 21, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE